DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK BARNETT** and **YVETTE BARNETT**,
Appellants,

v.

**U.S. BANK NATIONAL ASSOCIATION**, AS TRUSTEE, SUCCESSOR IN
INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS
TRUSTEE, AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR WMALT 2005-11,
Appellee.

No. 4D13-4179

[February 17, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Kathleen D. Ireland, Senior Judge; L.T. Case No. CACE
10-022197 (12).

Alan D. Sackrin of Sackrin & Tolchinsky, P.A., Hallandale Beach, for
appellants.

N. Alejandra Arroyave Lopez and Jeffrey S. Lapin of Lapin & Leichtling,
LLP, Coral Gables, for appellee.

CONNER, J.

Appellants, Mark Barnett and Yvette Barnett, appeal the trial court's
entry of final judgment of foreclosure in favor of U.S. Bank National
Association. Appellants assert multiple grounds for reversal, only one of
which we discuss. Because there was no evidence presented at trial to
prove that the initial plaintiff in this action, Bank of America, possessed
the note at the time suit was filed, we reverse.

*Factual Background and Trial Proceedings*

Bank of America, "as Successor by Merger to LaSalle Bank, National
Association, as Trustee for Washington Mutual Mortgage Pass-Through
Certificates, WMALT Series 2005-11," filed a mortgage foreclosure
complaint against Appellants on May 25, 2010. The complaint alleged that
Bank of America "is the current owner of or has the right to enforce the

Note and Mortgage.  See attached Exhibit C." The copy of the note attached to the complaint identified First Savings Mortgage Corporation as the lender.  The note also contained an undated special indorsement from First Savings Mortgage Corporation to a third party, Residential Funding Corporation.  Also attached to the complaint was a copy of the mortgage. The mortgage, like the note, identified First Savings Mortgage Corporation as the lender and contained the following statement:

> "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument.

Attached as Exhibit C to the complaint was a copy of an unrecorded assignment of mortgage dated April 8, 2010, from MERS to Bank of America, the successor to LaSalle Bank, with the same name designation in the complaint.  The assignment transferred both the mortgage and the note to Bank of America.

In their answer, Appellants challenged Bank of America's standing. Bank of America later filed the original note and mortgage with the trial court.  In February 2013, U.S. Bank was substituted as party plaintiff upon a motion alleging the right to enforce the loan had been transferred to it.

The matter proceeded to a non-jury trial.  At trial, U.S. Bank called one witness, a home loan research officer for JP Morgan Chase Bank, N.A., the servicer of the loan at the time.  The bank's witness gave confusing testimony about the ownership of the loan.  At no time did U.S. Bank present testimony as to possession of the note at the time suit was filed. In response to Appellants' closing argument regarding lack of standing, the trial court stated:  "I find that by virtue of possession of the original Note that there was standing at the filing of the suit, of the foreclosure action."  Thereafter, final judgment was entered in favor of U.S. Bank. Appellants gave notice of appeal.

*Appellate Analysis*

A trial court's determination of whether a party has standing is reviewed *de novo*.  *GMAC Mortg., LLC v. Choengkroy*, 98 So. 3d 781, 781 (Fla. 4th DCA 2012).

Standing of the plaintiff to foreclose on a mortgage at the time suit is filed must be established at trial, if contested.  *See McLean v. JP Morgan*

2

*Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012); *Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012). "[P]ossession of the note determines standing to foreclose." *Everhome Mortg. Co. v. Janssen*, 100 So. 3d 1239, 1240 (Fla. 2d DCA 2012). While courts have permitted foreclosure by a substituted party plaintiff, the original plaintiff must have had standing at the inception of the suit. *See Lewis v. J.P. Morgan Chase Bank*, 138 So. 3d 1212, 1213 (Fla. 4th DCA 2014) (explaining that the bank had standing to pursue the foreclosure action against the borrower despite having acquired the note and mortgage during the pendency of the action, *where the original plaintiff possessed the note and mortgage at the time it brought suit against the borrower*).

We agree with Appellants' argument that U.S. Bank failed to prove that Bank of America had sufficient standing to file suit. There was no evidence presented below to prove that Bank of America actually possessed the note at the time of the filing of the complaint. While there was evidence of an assignment transferring the note and mortgage from MERS, as nominee for the original lender, to Bank of America, which predates the complaint, U.S. Bank failed to present any evidence to account for the undated special indorsement on the note from First Savings to the third party. Likewise, U.S. Bank presented no evidence showing whether the assignment of the note and mortgage to Bank of America occurred *before or after* the undated indorsement of the note to the third party.

We acknowledge that the assignment of mortgage could be construed as circumstantial evidence that Bank of America possessed the note at the time suit was filed. However, the unexplained, undated indorsement to the third party is also circumstantial evidence that Bank of America may not have possessed the note at the time suit was filed. At trial, U.S. Bank had the burden of proof by greater weight of the evidence. Therefore, we conclude that the trial court erred in ruling that, by virtue of possession of the original note, there was standing at the time suit was filed. Accordingly, we reverse the final judgment and direct the trial court to dismiss the proceeding. *Klemencic v. U.S. Bank Nat'l Ass'n*, 142 So. 3d 983, 984 (Fla. 4th DCA 2014).

*Reversed.*

WARNER and LEVINE, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

3